IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN AGUILAR,

    Plaintiff,

vs.                                                                           No. CIV 14-808 JP/LAM

HARDING COUNTY, NEW MEXICO,
REBECCA SMITH, NICK ARCHULETA,
and HAROLD MACKEY, individually and in
their capacities as Harding County Commissioners,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 22, 2015, Harding County, Rebecca Smith, Nick Archuleta, and Harold Mackey filed DEFENDANTS' EXPEDITED MOTION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF IMMUNITY DEFENSES AND QUASHING NOTICES (Motion to Stay Discovery) (Doc. No. 68). Defendants ask for a stay of discovery pending the Court's resolution of DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY, also filed September 22, 2015. (Motion for Summary Judgment) (Doc. No. 67).

On October 16, 2015, Martin Aguilar filed PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF IMMUNITY DEFENSES AND QUASHING NOTICES. (Response) (Doc. No. 73). Plaintiff argues that Defendants should not be permitted to "game the system" by (1) taking Plaintiff's deposition on September 14, 2015, (2) then a week later filing a fact-intensive motion for summary judgment based on qualified immunity on September 22, 2015, and (3)

seeking a stay of discovery just one week before the close of discovery on September 29, 2015, thereby precluding Plaintiff from taking depositions of the three individual Defendants that were scheduled on September 25, 2015.  In the alternative, Plaintiff asserts that even if a stay of discovery is proper, Plaintiff is entitled to limited discovery that is "well-tailored to the immunity question."  Response at 3; AFFIDAVIT OF CYNTHIA L. ZEDALIS PURSUANT TO *FED. R. CIV. P.* 56(D) (Zedalis Aff.) (Doc. No. 73-1).

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY (Reply) (Doc. No. 76) argues that Plaintiff has not presented any exception to the general rule that discovery should be stayed upon the filing of a motion for qualified immunity.  In addition, Defendants contend that Plaintiff's Rule 56(d) Affidavit is inadequate.

**Background**

I.   Factual Allegations and Defenses

The COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Complaint ¶ 6) (Doc. No. 1) alleges that in the fall of 2013, Defendants approached Plaintiff, an employee of the New Mexico Department of Transportation, about the possibility of hiring Plaintiff as Harding County Road Superintendent.  *See* MEMORANDUM OPINION AND ORDER denying Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. No. 16) (summarizing allegations).

Plaintiff accepted the job offer of Road Superintendent and assumed the position on December 30, 2013.  Complaint ¶ 7.  Shortly after being hired, Plaintiff allegedly raised questions with the individual Defendants about the Harding County Road Department's budget and funding for road projects.  *Id*. ¶¶ 8-9.  Plaintiff contends he did not obtain satisfactory answers, and in late February 2014, Plaintiff requested that the New Mexico State Auditor

investigate the financial affairs of the Road Department, *Id*. ¶ 10.  Plaintiff continued to raise concerns about possible misuse of County funds with various individuals.  *See id.* ¶ 11.

On June 10, 2014, Plaintiff received a letter signed by the three individual Defendants, informing him that his position was terminated effective immediately.  Complaint ¶ 11.  Plaintiff alleges that the termination of his employment violated his First Amendment right to speak on matters of public concern, specifically Harding County's purported unlawful and fraudulent use of highway funds, *Id*. ¶ 12-16.  Plaintiff also asserts a claim under New Mexico's Whistleblower Protection Act.  *Id.* ¶ 17-20.  Plaintiff seeks lost wages, employment benefits, and damages for emotional distress.  *Id*. ¶ 15, 20.

Defendants contend that they terminated Plaintiff's employment due to poor work performance and complaints about Plaintiff's work, rather than in retaliation for Plaintiff's reports of illegal conduct.  JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (JSR at 3) (Doc. No. 22).  In Defendant's Motion for Summary Judgment, Defendants argue that it became clear "almost immediately" that Plaintiff lacked the requisite skill and knowledge to perform his job duties.  Motion for Summary Judgment at 4.  Defendants represent that the Harding County road crew made complaints to the individual Defendants about Plaintiff's work and attitude.  *Id*.  Defendants assert that local landowners and ranchers also complained about Plaintiff to the road department and the Commission and that the complaints increased in number and severity over Plaintiff's short tenure as Road Superintendent.  *Id.*  In addition, Defendants were concerned that road department projects were falling further behind under Plaintiff's supervision.  Defendants claim that after realizing the complaints about Plaintiff were legitimate and that his crew "was near mutiny," the Commission voted to terminate

Plaintiff's employment. *Id.* At the time of the termination decision, Plaintiff was an at-will, probationary employee. *Id.*

    II.    <u>Procedural History</u>

On September 4, 2014, Plaintiff filed his Complaint (Doc. No. 1). In October 2014, Defendants promptly filed a Motion to Dismiss Plaintiff's claims for failure to state a claim (Doc. No. 8). Defendants did not raise a qualified immunity defense in the Motion to Dismiss. In November 2014, the Court concluded that Plaintiff's allegations were sufficient to withstand Rule 12(b)(6) scrutiny. MEMORANDUM OPINION AND ORDER (Doc. No. 16).

On January 27, 2015, United States Magistrate Judge Lourdes Martinez conducted a Rule 16 Conference and issued a Scheduling Order. Scheduling Order (Doc. No. 27). The discovery deadline was June 29, 2015. *Id.* It does not appear that either party engaged in much discovery during the early months of 2015, other than to exchange initial disclosures. *See* Certificates of Service (Doc. Nos. 23, 24). In April and May 2015, the parties served written discovery. *See id.* (Doc. Nos. 35, 41, 42). The case was delayed when Plaintiff's first attorney failed to attend a status conference. April 8, 2015 Minutes and Order to Show Cause (Doc. Nos. 31, 32).

In late May, Plaintiff's attorney filed an unopposed motion to withdraw and to substitute new counsel, which the Court granted on June 3, 2015. Order (Doc. No. 44). On June 9, 2015, Magistrate Judge Martinez conducted another status conference, at which time counsel discussed the need for extensions of discovery deadlines. June 9, 2015 Minutes (Doc. No. 47). Defense counsel advised Judge Martinez that he would file a motion for summary judgment and for qualified immunity near the end of discovery; however, he said that he would not seek a stay of discovery since not much discovery was left to be completed. *See id.* at 1-2.

4

In June 2015, Judge Martinez granted in part Plaintiff's unopposed motion for extensions, allowing three additional months of discovery. The new discovery deadline was September 29, 2015. Order (Doc. No. 53). On July 1, 2015, the Court rescheduled the trial on a March 7, 2016 trailing calendar. Amended Notice (Doc. No. 55). The electronic docket indicates that the parties conducted very little discovery in July or August 2015. *See* docket entries (Doc. Nos. 55-58). Moreover, it appears that the parties did not notice any depositions until September, the last month of discovery. *See* Certificate of Service (Doc. No. 61). *See also* Notice ¶ 26 (Doc. No. 70) (stating that on August 26, 2015, Defendant served notice of Plaintiff's September 10, 2015 deposition).

On September 9, 2015, Judge Martinez conducted another status conference. September 9, 2015 Minutes (Doc. No. 65). Defense counsel raised some concerns about documents and depositions at the June and September 2015 status conferences, but the status conferences minutes do not document serious discovery issues warranting additional motion practice or court intervention. *See* Minutes (Doc. Nos. 47, 65). Moreover, the docket indicates that Plaintiff served Defendants with written responses to discovery in June and July, 2015, and that Defendants did not respond by filing a timely motion to compel. Certificates of Service (Doc. Nos. 51, 52, 56, 57). In addition, the September 9, 2015 minutes do not reflect that defense counsel intended to file a motion for qualified immunity and a motion to stay discovery or that counsel alerted the Magistrate Judge that Defendants did not intend to appear for their depositions.[1] Defendants would have received electronic notices of the individual Defendants'

---

[1] The Court acknowledges Defendant's position that the depositions "had to be canceled at such a late date" because of "plaintiff's dilatory conduct" and Defendants' reliance on a Notice of Non Appearance that they filed on September 23, 2015 (Doc. No. 70). Reply at 2-3. *See* discussion *infra*.

5

depositions on September 8, 2015, the day before the status conference. *See* Certificates of Service (Doc. Nos. 61, 62, 63).

On September 22, 2015, about a week after Plaintiff's September 14, 2015 deposition, Defendants filed their Motion for Summary Judgment and Qualified Immunity, along with the present Motion to Stay Discovery (Doc. Nos. 67, 68). Although Defendants did not file a motion for protective order as to the depositions of the three individual Defendants, scheduled on September 25, 2015, the three depositions did not take place.[2] Defendants improperly joined their Motion to Stay Discovery with a "Motion to Quash the Defendants' Depositions." *See* New Mexico Administrative Order No. 92-88 (5/4/92) (requiring all parties to submit separate motions for "each matter upon which adjudication or a ruling of the Court is sought"). Defendants state that they offered to make the individual commissioners available for "limited scope depositions" if Plaintiff could describe an area that could or would defeat summary judgment. Motion to Stay Discovery at 6. According to Defendants, Plaintiff declined to respond to that offer. Thus, Defendants ask the Court to quash the Defendants' depositions. *Id*.

## Discussion

I.      Legal Standard

Courts routinely stay discovery upon the filing of a motion for qualified immunity. *See*

---

[2] Defendants state in the Notice of Non-Appearance that the "parties have agreed that a motion for protective order would be duplicative of the motion to stay" and that Defendants offer the motion to stay as a motion for protective order. Notice at 7. According to the Notice, the parties attempted to schedule an emergency hearing with the Magistrate Judge but were told that the Court was unavailable and that Defendants should file a notice of non-appearance and motion for protective order. *Id*. The local rules state that the failure to appear at a scheduled deposition may be regarded as a willful failure under Rule 37(d) unless a motion for protective order is filed at least seven days before the scheduled deposition. D.N.M. LR-Civ. 30.2 The parties are not at liberty to ignore the Court's instructions or the Local Rules.

*Martin v. City of Santa Fe,* __, F. App'x __, No. 14-2143, 2015 WL 5559414, at *3 (10th Cir. Sept. 22, 2015) (noting the "strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense").

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity provisions "are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery." *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citation omitted). The qualified immunity doctrine recognizes "the need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (citation omitted). Once a defendant pleads qualified immunity, "[e]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004).

Courts also advise that issues of qualified immunity are best resolved at the "earliest possible state in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted). To avoid unnecessary exposure to burdensome discovery, "the preferred practice is for the official to move to dismiss the claim on the grounds of qualified immunity before discovery is ordered." *Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *5 (D.N.M. Dec. 20, 2012) (*citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

II. The Parties' Positions

    *A. Defendant's Motion to Stay Discovery*

Contrary to the preferred practice, Defendants waited until discovery was almost closed

7

before raising the qualified immunity defense.  After conducting some written discovery and after taking Plaintiff's deposition, Defendants moved for qualified immunity and sought a stay of discovery only a week before the close of discovery.

Defendants argue, in part, that their delay in seeking qualified immunity and in requesting a stay of discovery is explained by Plaintiff's dilatory conduct.  *See* Reply, 1-2; Notice, ¶ 1-42.  Defendants specify that Plaintiff "has delayed and impaired discovery through two separate scheduling orders," and that Defendants could not have filed these motions any earlier "due to plaintiff's delay and general lack of diligence in responding to discovery requests."  Motion to Stay Discovery at 1, 2.  Defendants' Reply similarly contends that Plaintiff engaged in "delay and avoidance tactics regarding his discovery obligations."  Reply at 1.  Defendants also state that they placed Plaintiff on notice as early as May 2015 about their belief that they were entitled to qualified immunity.  Motion to Dismiss at 1 n.1.[3]

The electronic record of this case does little to confirm Defendants' position that Plaintiff has delayed discovery.  It is true that Plaintiff's initial attorney failed to appear at an early status conference and that the first attorney's subsequent withdrawal from the case caused some delay. *See* Orders (Doc. Nos. 32, 38, 44).  But, Defendants did not oppose the June 2015 motion to modify the scheduling order.  *See* Plaintiff's Unopposed Motion (Doc. No. 50).  And, as noted, while Defendants complain about Plaintiff's discovery responses, Defendants did not file a motion to compel.

The first time Defendants expressly complained about Plaintiff's discovery practices was in their Notice of Non-Appearance, filed September 23, 2015, just six days before the close of

---

[3] Defendants did not raise an argument as to qualified immunity in the Motion to Dismiss.  Rather, they included a footnote listing all of their potential affirmative defenses, including qualified immunity, should the Court deny the Motion to Dismiss.

discovery. The seven page, 42 paragraph Notice presents a litany of complaints, including Plaintiff's failure to respond to Defendants' many requests to schedule Plaintiff's deposition, starting in May 2015. Notice ¶ 1, 6, 7, 9, 10, 11, 23, 25, 26. The proper way to inform the Court of discovery obstacles or abuses is to request a telephonic conference with the Magistrate Judge, alert the Magistrate Judge of discovery problems during a status conference, or file a timely motion to compel. This should be done when the discovery problems exist, not months after the fact and not when only six days of discovery remain.[4]

In addition to faulting Plaintiff, Defendants explain their delay in raising an entitlement to qualified immunity based on Plaintiff's September 14, 2015 deposition testimony. They argue that only upon deposing Plaintiff did Defendants obtain support for the qualified immunity defense. Motion to Stay Discovery at 1. Defendants' Motion for Summary Judgment only briefly cites to Plaintiff's deposition testimony. The attached affidavits of the three individual Defendants appear to serve as the primary support for Defendants' statement of undisputed facts. *See* Motion for Summary Judgment at 5-7, proposed fact numbers 4-17.

In sum, Defendants ask that discovery be stayed for the week of September 22 to September 29, 2015, which in turn prevents Plaintiff from taking the depositions of the three individual Defendants. In addition, Defendants seek to preclude Plaintiff from taking a fourth deposition, that of Vanita Menapace, who is a County Administrative Assistant. Defendants argue that Plaintiff did not provide timely notice of Ms. Menapace's deposition and did not inquire as to defense counsel's availability before noticing Ms. Menapace's deposition. Motion to Stay Discovery at 5-6.

---

4 It is unclear why Plaintiff's alleged discovery practices support non-appearance by the individual Defendants at their September 2015 depositions. *See* Notice at 1 ("In support of the non-appearance, defendants state the following:....[,]" including many examples of Defendants' attempts to schedule Plaintiff's deposition). Even if Plaintiff did not comply with his discovery obligations, that does not make it proper for Defendants to engage in similar conduct.

B.  *Plaintiff's Opposition to the Stay of Discovery*

Plaintiff's argument in opposition to the request to stay discovery is twofold:  (1) it is unfair to take Plaintiff's deposition, file a request for qualified immunity, and unilaterally shut down Plaintiff's ability to depose the individual Defendants; and (2) the Court should permit Plaintiff to conduct limited discovery as outlined in his attorney's affidavit.

With respect to the first position, Plaintiff asserts that it would be unfair to permit Defendants an opportunity to conduct the discovery they need, "acquiring documents and testimony from Plaintiff, and then deny Plaintiff the same opportunity."  Response at 2.  For example, Plaintiff contends he should be able to depose the individual Defendants in order to challenge assertions they made in their affidavits that were attached to the Motion for Summary Judgment.  As to the second argument, Plaintiff proposes that the Court should allow limited discovery that is well tailored to the immunity question.  Plaintiff represents that the four noticed depositions are necessary to address fact-intensive inquiries regarding Defendants' stated reasons for the termination of Plaintiff's employment and the veracity of those assertions.  *Id*. at 3-5; Zedalis Aff. ¶ 6.

C.  Analysis

1.  *Unfairness of Defendants' Request for Stay of Discovery*

Although the Court sympathizes with Plaintiff predicament, the law is clear.  "Once the defendant raises the issue, even if not at [the] earliest possible stages of litigation, '[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed.'"  *Herrera*, 2012 WL 6846393, at *7 (citation omitted).  In *Herrera*, the Court also addressed a late assertion of qualified immunity in relation to a motion to stay.  The Court observed that while qualified immunity should be raised early and before the start of discovery, the fact that the defendant had

10

already been subjected to 18 months of discovery did "not lessen the protection to which [the defendant] [is] entitled under the law." *Id*. the Court also noted that there was "no sound reason to create a rule that the protections of a discovery stay are waived at some point, or to dictate when the defense has to be raised." *Id.* at 8. For one thing, such a rule might penalize a plaintiff in his or her ability to conduct discovery. *Id.* In contrast, a late-filed motion for qualified immunity might allow diligent parties to conduct significant discovery before a motion to stay is filed.

The Court is not persuaded by Plaintiff's argument that Defendant's late request for qualified immunity makes it unfair to stay discovery. Even if unfair, unfairness alone does not defeat a request to stay discovery. The Court's view is consistent with ample legal authority holding that once a defendant raises the defense of qualified immunity, a court has limited discretion but to stay discovery. *See, e.g., Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *Britton*, 523 U.S. at 598 ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery").

2. *Need for Limited Discovery*

The Court reaches a different result with respect to Plaintiff's argument that limited discovery should be permitted. Courts will permit limited discovery under certain circumstances, even where a defendant has raised a defense of qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987); *Weise v. Casper,* 507 F.3d 1260, 1265 (10th Cir. 2007). *See Maxey by Maxey v. Fulton*, 890 F.2d 279, 282-83 (10th Cir. 1989) (noting circumstances when some discovery should proceed). As the Supreme Court stated in *Britton*, 523 U.S. at 593 n. 14, qualified immunity does not protect an official from *all* discovery, but only from that which is "broad-reaching." For example, limited discovery may be appropriate

11

when a defendant raises the defense of qualified immunity in a motion for summary judgment on contested factual assertions. *Id.* Under these circumstances, a plaintiff can file a Rule 56(d) affidavit to support the position that some facts are essential to justify opposition to a request for qualified immunity. Fed. R. Civ. P. 56(d).

Qualified immunity shields an official from liability where the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231 (citation omitted). Once a defendant raises a defense of qualified immunity at summary judgment, the plaintiff then must meet a "heavy two-part burden" in showing that 1) the defendant's actions violated his constitutional or statutory right; and 2) the right was clearly established at the time of the alleged activity. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

Defendants primarily argue they are entitled to summary judgment under a "typical Rule 56 analysis," but that if any claim survives that analysis, the individual Defendants should be given qualified immunity. Motion for Summary Judgment at 3. In fact, Defendants devote little specific argument as to why each of the individual Defendants is entitled to qualified immunity. Instead, they emphasize why they believe Plaintiff cannot under Rule 56 meet at least four of the five required factors to proceed on a First Amendment claim.

However, it appears that Defendant's qualified immunity argument relies, in part, on the position that the individual Defendants could not have violated Plaintiff's constitutional or statutory rights because these Defendants had legitimate, business-related reasons for terminating Plaintiff's employment. *Id*. at 5. These reasons included alleged complaints about Plaintiff's work and attitude, along with his probationary, at-will employment status. In addition, Defendants argue that they could not have retaliated against Plaintiff in violation of his First

Amendment rights because none of the individual Defendants knew of Plaintiff's reports or complaints to the New Mexico State Auditor. "In other words, defendants made their [termination] decision as if the speech never occurred, because they did not know about it. Therefore, they logically would have reached the same decision [to terminate] if the speech had never occurred because to them, it never had occurred." *Id*. at 10-11.

In support of summary judgment, the individual Defendants attach their affidavits which are virtually identical. Motion for Summary Judgment, Exhibits B, C, and D (Doc. Nos. 67-2, 67-3, 67-4). Each of the commissioners attests to having received an increasing number of complaints from the public and members of the road department crew about Plaintiff's work performance. *Id.* Each individual Defendant states that there were "[e]mployee complaints [about Plaintiff's] alleged unprofessional conduct, insubordination, and lack of knowledge of common road-department equipment." *Id.* All three affidavits describe a number of complaints about Plaintiff's work performance without identifying names of the complaining road crew members or the public. The three individual Defendants represent that they each voted to terminate Plaintiff's employment because of the "significant number of complaints" about Plaintiff. *Id.* Two of the individual Defendants state that they did not know Plaintiff had contacted the New Mexico State Auditor before they voted to terminate Plaintiff's employment. But, one Defendant admits to having heard a rumor from an unidentified road crew member that Plaintiff had made some sort of report to the New Mexico State Auditor about two months before the termination decision. Nick Archuleta Aff. ¶ 19 (Doc. No. 67-4).

In contrast, Plaintiff argues that his personnel file contains "no complaints, write-ups, evaluations, counseling session, or any other employment action taken by Defendants as a result of these alleged 'complaints.'" Response (to Motion to Stay Discovery) at 3-4. He asserts that

minutes of the County Board of Commission indicate that Plaintiff received praise and accolades for his work. *Id.* at 4. Plaintiff also supplies evidence that he conveyed his concerns about the road department budget, including perceived irregularities and misappropriations, to the individual Defendants, other county officials, and road crew members. *See* Response to Motion for Summary Judgment at 5. At a minimum, it appears that Plaintiff might be able to raise genuine disputes of fact concerning the reasons for the termination of his employment.

However, the Court does not decide the Motion for Summary Judgment at this time and, instead, finds that Plaintiff should be permitted to engage in limited discovery to explore Defendants' stated reasons for the termination decision and to determine the extent and timing of Defendants' knowledge of Plaintiff's concern with the road department's budget. Without this type of factual development, the Court is unable to determine whether each individual Defendant's decision to terminate Plaintiff's employment may have violated Plaintiff's constitutional or statutory rights, "of which a reasonable person would have known," *see Pearson*, 555 U.S. at 231.

Stated differently, Plaintiff's Rule 56(d) Affidavit has successfully demonstrated that additional discovery is necessary to resolve several fact issues regarding the reasonableness of Defendants' conduct in terminating Plaintiff's employment. The Court concludes, therefore, that Plaintiff may take limited depositions of the three individual Defendants to explore their stated reasons for the decision to terminate Plaintiff's employment and to test the veracity of the Defendants' affidavits regarding the Defendants' knowledge of complaints about Plaintiff's work performance and Defendants' knowledge, if any, about Plaintiff's reports of misuse of department funds. *See* Zedalis Aff. ¶ 5. Therefore, the Court will deny the Motion to Stay in part and will allow limited discovery as described below.

D.  Limited Discovery and Time Schedule

1) *Depositions of the Individual Defendants*

Plaintiff will be permitted to explore the following lines of inquiry through the depositions of the three individual Defendants, Rebecca Smith, Nick Archuleta, and Harold Mackey:

a) the scope of Plaintiff's job responsibilities as Road Supervisor;

b) complaints about Plaintiff's work performance, knowledge, and attitude from December 30, 2013, the date of hiring, to June 10, 2014, the date of termination;

c) any documentation of complaints about Plaintiff's work performance, knowledge, and attitude;

d) the names of complaining individuals and the dates of complaints voiced to Defendants;

e) Defendants' knowledge of Plaintiff's communications or threats of communications about possible fraud, misuse of funds, or budget allocations to the New Mexico State Auditor, other State officials, and/or supervisors;

f) Defendants' knowledge of rumors about Plaintiff's intentions or threats to file complaints with the New Mexico State Auditor; and

g) the reasons for the decision to terminate Plaintiff's employment.

2) *Deposition of Ms. Menapace*

This District's Local Rules require counsel to confer in good faith regarding the

15

scheduling of depositions before serving a notice of deposition. D.N.M. LR-Civ. 30.1. In addition, service of a notice of deposition must be made at least 14 days before the schedule deposition, *Id*.

Plaintiff claims he must depose Ms. Menapace because he allegedly told Ms. Menapace about his reports to the State Auditor regarding the misuse of funds. Zedalis Aff. ¶ 5(d), 6. Indeed, Plaintiff listed Ms. Menapace as a witness in the JSR as early as January 2015. Yet, Plaintiff did not serve the notice of deposition until September 22, 2015, proposing a deposition seven days later on September 29, 2015, the very last day of discovery. Plaintiff does not explain why the notice of deposition was served so late, particularly in view of the three-month extension of discovery Plaintiff sought and obtained. In addition, Plaintiff does not contradict Defendants' position that Plaintiff's counsel failed to confer with Defendants's counsel in setting the deposition date. The Court, therefore will grant Defendants' Motion to Stay Discovery with the result that Plaintiff may not take Ms. Menapace's deposition.

## Conclusion

With the exception of the limited depositions of the three individual Defendants, which must be completed by December 15, 2015, discovery is closed and will not be re-opened.[5] The parties may file supplemental briefs relating to the Motion for Summary Judgment by January 12, 2016. The deadlines and settings in the Amended Notice of Pretrial Conference and Trial (Doc. No. 55) will remain in effect.

IT IS THEREFORE ORDERED THAT DEFENDANTS' EXPEDITED MOTION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF IMMUNITY DEFENSES AND QUASHING NOTICES (Doc. No. 68) is GRANTED in part and DENIED in part, with the result that:

---

[5] The parties may, however, request a settlement conference before the Magistrate Judge.

1. Plaintiff may take the limited depositions of Rebecca Smith, Nick Archuleta, and Harold Mackey, as described above, which must be completed by December 15, 2015;

2. Plaintiff may not take the deposition of Vanita Menapace;

3. Discovery is closed with the exception of the three limited depositions;

4. The parties may file supplemental briefing on the Motion for Summary Judgment and Qualified Immunity by January 12, 2016.

*James A. Parker*

_____
SENIOR UNITED STATES DISTRICT JUDGE